UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JANE DOE,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                                Defendants.

------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT**

18 CV 7889 (JMF)

       **WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 31, 2018, alleging that the defendants violated plaintiff's federal civil rights; and

       **WHEREAS,** defendants denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** plaintiff has authorized her counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2," "3" and "4" below.

       2.    Defendant City of New York hereby agrees to pay plaintiff Jane Doe the sum of Five Hundred Thousand ($500,000.00) Dollars, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this

sum, plaintiff agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, Jose Cosme and Leonard McNeil; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

      3. In consideration of the payment made by the City of New York set forth in paragraph 2 above to resolve the claims of plaintiff Jane Doe, including plaintiff's claim for attorneys' fees, costs, and expenses, defendant Jose Cosme hereby agrees to pay defendant the City of New York the sum of One Thousand ($1,000) Dollars within 60 days of the entry of this Stipulation of Settlement. The defendant Jose Cosme agrees to the dismissal of his cross-claims against the City of New York with prejudice. In consideration for the payment made by the City of New York in paragraph 2 above to resolve the claims of plaintiff Jane Doe, including plaintiff's claim for attorneys' fees, costs, and expenses, Jose Cosme shall also execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release by which Jose Cosme releases and discharges City of New York; its successors or assigns; all past and present officials of the City of New York; or any entity represented by the Office of the Corporation Counsel, from any and all claims that were or could have been alleged by Jose Cosme in, or arise out of, the above captioned action including but not limited to any claim for indemnification and any claim for attorneys' fees, costs, and expenses.

4. In consideration of the payment made by the City of New York set forth in paragraph 2 above to resolve the claims of plaintiff Jane Doe, including plaintiff's claim for attorneys' fees, costs, and expenses, defendant Leonard McNeil hereby agrees to pay defendant the City of New York the sum of One Thousand ($1,000) Dollars within 60 days of the entry of this Stipulation of Settlement. The defendant Leonard McNeil agrees to the dismissal of his cross-claims against the City of New York with prejudice. In consideration for the payment made by the City of New York in paragraph 2 above to resolve the claims of plaintiff Jane Doe, including plaintiff's claim for attorneys' fees, costs, and expenses, Leonard McNeil shall also execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release by which Leonard McNeil releases and discharges City of New York; its successors or assigns; all past and present officials of the City of New York; or any entity represented by the Office of the Corporation Counsel, from any and all claims that were or could have been alleged by Leonard McNeil in, or arise out of, the above captioned action including but not limited to any claim for indemnification and any claim for attorneys' fees, costs, and expenses.

5. Plaintiff shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

      6.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

      7.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

      8.     Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

      9.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       February 8, 2019

THE LEGAL AID SOCIETY
*Attorney for Plaintiff Jane Doe*
199 Water Street
New York, New York 10038

By: /s/ Marlen S. Bodden
Marlen Bodden
Barbara Hamilton

CRAVATH, SWAINE AND MOORE, LLP
*Attorney for Plaintiff Jane Doe*
Worldwide Plaza, 825 8th Ave.
New York, New York 10019

By: /s/ Antony L. Ryan
Antony L. Ryan
Brittany L. Sukiennik
Molly M. Jamison

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: /s/ Mark D. Zuckerman
Mark D. Zuckerman

KOEHLER AND ISAACS, LLP
*Attorneys for defendants Jose Cosme and Leonard McNeil*
61 Broadway, 25th Floor
New York, New York 10006

/s/ Cynthia Devasia
Cynthia Devasia